# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MARTIN EPSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY ROBERT A. MCDONALD, *et al.*,<br><br>    Defendants. | Case No. 16-cv-2929-BAS(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**[ECF No. 14]** |

On December 1, 2016, Plaintiff Christine Martin Epstein, who proceeds *pro se*, commenced this action, individually and on behalf of her deceased brother, Peter Elwood Martin, against Defendants Secretary Robert A. McDonald and the Department of Veteran Affairs (collectively, the "Government") for negligence and professional malpractice in connection with the care provided to Mr. Martin. Ms. Epstein amended her complaint twice, with the operative complaint being the Second Amended Complaint ("SAC"). Ms. Martin now moves for leave to file a Third Amended Complaint ("TAC"). The Government opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Ms. Epstein's motion.

I.   **LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

II.   **ANALYSIS**

Though the Government carries the burden of demonstrating the *Forman* factors, without relying on any legal authority, the entirety of the Government's argument opposing Ms. Epstein's motion is as follows:

//

//

//

> The United States submits that it is premature for Plaintiff to file a TAC as the Court has yet to rule on the United States' Motion regarding the same issues of jurisdiction and the immateriality of the same specific paragraphs found in Plaintiff's SAC. The Court should, therefore, deny Plaintiff's request for leave to file her proposed TAC. In the alternative, the Court should stay ruling on Plaintiff's motion for leave to amend and allow the parties to supplement their respective pleadings within two weeks of its ruling on the United States' Motion.

(Gov't's Opp'n 3:8-14.) The Government's point appears to be a practical one: because the relevant facts regarding jurisdiction and immateriality are the same in the SAC and proposed TAC, the Court should first rule on the Government's motions to dismiss the SAC and strike non-relevant allegations before reaching Ms. Epstein's motion for leave to file an amended complaint.

Generally, the resolution of jurisdictional issues is of the highest priority when an action commences. *See, e.g., Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court[.])". Despite there being a general order of priority, it is not mandatory. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). "[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Id.* For example, "a district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether those claims fall within its pendent jurisdiction." *Id.* (citing *Moor v. Cnty. Of Alameda*, 411 U.S. 693, 715-16 (1973)). "Nor must a federal court decide whether the parties present an Article III case or controversy before abstaining under *Younger v. Harris*[.]" *Id.* (citing *Ellis v. Dyson*, 421 U.S. 426, 433-34 (1975)). In short, the decision to consider the Government's motion before Ms. Epstein's, or vice versa, is within the Court's discretion.

Reviewing the circumstances of this case, the Court first notes that the Government fails to carry its burden of demonstrating that the *Foman* factors weigh in favor of denying Ms. Epstein's Rule 15(a) motion. *See DCD Programs*, 833 F.2d at 186. Though there may be substantial similarities between the SAC and proposed TAC, it is important to first resolve which complaint is operative. If the Government determines that the same challenges asserted in its motion apply to the proposed TAC, it may re-file its motion.

The Government also requests in the alternative that the Court stay ruling on Ms. Epstein's motion and "allow the parties to supplement their respective pleadings within two weeks of its ruling on the United States' Motion." (Gov't's Opp'n. 3:8-14.) However, Federal Rule of Civil Procedure 15(d) only permits supplemental pleadings "setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." *See Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Consequently, the Government's alternative request involving supplemental pleadings would be an improper use of supplemental pleadings permitted by Rule 15(d).

### III. CONCLUSION & ORDER

In light of the foregoing, and exercising its discretion, the Court **GRANTS** Ms. Epstein's motion for leave to file an amended complaint based on the Government's failure to carry its burden under Rule 15(a). (ECF No. 14.) Accordingly, the Court **ORDERS** Ms. Epstein to file the Third Amended Complaint attached to her motion no later than **May 15, 2017**.

Furthermore, in anticipation of Ms. Epstein filing her Third Amended Complaint, the Court **TERMINATES AS MOOT** the Government's motions to dismiss and strike (ECF No. 9). *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *see also Ortegoza v.*

*Kho*, No. 12-cv-529-L(KSC), 2012 WL 5304859, at *1 (S.D. Cal. Oct. 25, 2012) (Lorenz, J.) (citing *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1137 (9th Cir. 2011) ("As a general rule, '[an] amended complaint supersedes the original, the latter being treated thereafter as nonexistent.'"). If Ms. Epstein fails to file her Third Amended Complaint by the aforementioned date, the Government may file an *ex parte* application requesting that the Court reinstate its motions to dismiss and strike.

**IT IS SO ORDERED.**

DATED: April 21, 2017

Hon. Cynthia Bashant
United States District Judge