# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MARTIN EPSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. 16-cv-2929-BAS(WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND**<br><br>**(2) DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>**[ECF No. 26]** |

## I. INTRODUCTION

Plaintiff Christine Martin Epstein, proceeding *pro se*, filed her Third Amended Complaint ("TAC") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. (ECF No. 24.) In the TAC, Plaintiff alleges negligence, respondeat superior, and medical malpractice against the United States of America, the Department of Veterans Affairs, and former VA Secretary Robert McDonald ("Secretary")[1]. (*Id.*) Defendants filed a motion to dismiss the TAC and a motion to

---

[1] On February 14, 2017, David Shulkin became the Secretary of Veterans Affairs. He is therefore automatically substituted for former Secretary Robert McDonald as Defendant in this suit. *See* Fed. R. Civ. P. 25(d).

strike non-relevant allegations from the TAC. (ECF No. 26.) Plaintiff opposed both motions, and Defendants responded to Plaintiff's opposition. (ECF Nos. 28, 30.)

The Court finds Defendants' motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss and **DENIES** Defendants' Motion to Strike.

## II. BACKGROUND

Plaintiff filed her initial Complaint on December 1, 2016. (ECF No. 1.) After several requests to amend this Complaint, she eventually filed the TAC at issue. (ECF No. 24.) Plaintiff is proceeding individually and as the successor in interest to the estate of her deceased brother, United States Army veteran Peter Martin. (*Id.* ¶ 60.) Plaintiff alleges that Mr. Martin died in San Ysidro, California, on January 11, 2014, and that the cause of his death was "ketoacidosis and hyperglycemia due to diabetes mellitus." (*Id.* ¶ 58.) Plaintiff filed an administrative claim against the VA in December 2014 for "wrongful death due to denial of medical services and treatment by VA medical staff." (*Id.* ¶ 55.) These claims were administratively denied on June 7, 2016. (*Id.* ¶ 48, Pl.'s Ex. 16.) Plaintiff alleges neither she nor Mr. Martin received full disclosure of Mr. Martin's diabetes, and that the VA's denial of information, treatment, and services resulted in Mr. Martin's death. (*Id.* ¶ 55.)

## III. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the subject matter of the complaint. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]he burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. A challenge to subject matter jurisdiction under Rule 12(b)(1) can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial challenge, when a defendant asserts that the allegations in the complaint are insufficient to establish jurisdiction as a matter of law, the court will accept the plaintiff's allegations as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

### B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the district court has discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" if it has no essential or important relationship to the claim for relief pleaded, and "impertinent" if it does not pertain and is not necessary to the issues in question in the case. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

Courts view motions to strike with disfavor, and these motions will generally be denied unless the allegations in the pleading have no possible relation or logical connection to the controversy and may cause prejudice to one of the parties. *See Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d. 1029, 1039 (E.D. Cal. 2009). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). When examining a motion to strike, the court "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

//
//
//

## IV. ANALYSIS

Defendants challenge the Court's subject matter jurisdiction over Plaintiff's claims against the VA and the Secretary, stating that the only proper defendant under the FTCA is the United States. (ECF No. 26.) Defendants additionally move to strike allegations from Plaintiff's TAC, claiming that certain paragraphs of the TAC are immaterial to the claims for relief. (*Id.*) The Court addresses each argument in turn below.

### A. Motion to Dismiss

The United States moves to dismiss the TAC based on lack of subject matter jurisdiction. (*Id.*) Plaintiff contends the Court has jurisdiction over all named defendants because they were the "parties directly responsible for Plaintiff's injuries." (ECF No. 28.) The Court finds that in an FTCA claim, jurisdiction is only proper over the United States, and consequently will dismiss the VA and the Secretary as Defendants.

When the United States consents to waive its sovereign immunity, the extent of the court's jurisdiction is determined by the terms of the waiver. *United States v. Mottaz*, 476 U.S. 834, 841 (1986). A suit under the FTCA must be solely against the United States. *See* 28 U.S.C. § 1346(b); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action."). The FTCA "provides the exclusive statutory remedy for torts committed by employees of the United States who act within the scope of their employment." *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1243 (S.D. Cal. 2001). The FTCA does not allow tort claims against federal agencies in their own names, nor does it allow claims against individual government employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

Plaintiff names the United States, the VA, and the Secretary as Defendants in her TAC. (ECF No. 24.) In the administrative denial of her claim, Plaintiff received actual notice that the proper party defendant would be the United States, not the VA. (*Id.* ¶ 48, Pl.'s Ex. 16.) Nonetheless, Plaintiff still includes the VA and the Secretary as parties in her TAC. (*Id.*) In her opposition to Defendants' Motion to Dismiss, Plaintiff argues that if the VA and the Secretary are improperly named as parties, the "proper remedy" is to strike only those Defendants, not to dismiss the entire case. (ECF No. 28). The Court finds the United States is the only proper party defendant and will consequently dismiss the other two Defendants from this action.

Accordingly, the Court will **GRANT** Defendants' Motion to Dismiss the VA and the Secretary under Fed. R. Civ. P. 12(b)(1), and will **DENY** Defendants' Motion to Dismiss the United States.

### B. Motion to Strike

Defendants request that paragraphs 9-10, 14-31, 33-35, 37, 42, 45-48, 52, 54, 56-57, 59, 65, and 76 be stricken from Plaintiff's TAC. (ECF No. 26.) Upon review of these thirty-six paragraphs, the Court finds that striking these paragraphs is unwarranted for several reasons.

First, the Court declines to grant the Rule 12(f) motion because it is unclear whether the paragraphs to be stricken could relate to the subject matter of the litigation. *See Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). When reviewing this motion, the Court regards the TAC in the light most favorable to Plaintiff, and allows Plaintiff additional latitude on account of her *pro se* status and lack of expertise in pleading. *See In re 2TheMart.com, Inc.*, 114 F. Supp. 2d at 965; *Michenfelder v. Sumner*, 860 F.2d 328, 338 (9th Cir. 1988) (declining to strike portion of the plaintiff's brief "[i]n light of the latitude we prefer to allow *pro se* plaintiffs").

Second, the Court need not strike allegations that provide background for the suit as a whole so long as the allegations are not unduly prejudicial. *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) ("[A]llegations supplying background or historical material . . . will not be stricken unless unduly prejudicial to defendant.").

In their motion and reply to Plaintiff's opposition, Defendants have not conclusively demonstrated that the material they wish stricken has no possible bearing on the subject matter of the litigation. For example: Paragraph 10 of the TAC states, "Defendant Department of Veterans Affairs is a federal agency of the United States of America." (ECF No. 24.) While the VA is not a proper defendant under the FTCA, the fact that it is a federal agency is not prejudicial to Defendants and has a direct connection to the subject matter of the suit. Paragraph 48 of the TAC describes the administrative denial of Plaintiff's claim from the VA. (*Id.*) Because administrative denial of an FTCA claim is a prerequisite to filing suit in this Court, the Court finds this description to be important to the subject matter of the TAC. *See* 28 U.S.C. §§ 1346(b), 2671-80.

Furthermore, the allegations Defendants wish to strike provide background for the suit as a whole and are not unduly prejudicial. "Where allegations, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken." *LeDuc*, 814 F. Supp. at 830. Paragraphs 14-31 of the TAC, among others, provide background for the events leading up to the alleged malpractice. (ECF No. 24.) For example: Paragraph 15 describes Plaintiff losing contact with Mr. Martin, and Paragraphs 22-23 describe Plaintiff's rediscovery of her brother more than thirty years later. (*Id.*) Paragraphs 26 and 28 describe VA programs for homeless veterans that Mr. Martin availed himself of in 2012. (*Id.*) These descriptions provide a more fulsome understanding of the circumstances surrounding Plaintiff's claims and do not unduly prejudice Defendants.

Finally, individually evaluating the materiality of each of the thirty-six paragraphs in question would be a poor use of judicial resources. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 ("Motions to strike are generally regarded with disfavor[.]"); *Dimdim, Inc. v. Williamson*, No. C 12-3403 RS, 2013 WL 12174134, at *1 (N.D. Cal. Jan. 22, 2013) (denying motion to strike because "it would be a poor use of judicial resources to render what ultimately could be no more than an advisory opinion on the sufficiency of [the plaintiff's] allegations").

If certain allegations in the TAC are time-barred or non-actionable under the FTCA, the Court will not consider evidence supporting these allegations. That being said, striking this material from the TAC is unnecessary because the Court regards such material as providing background information only. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (describing the limited importance of pleadings in federal practice).

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Strike paragraphs 9-10, 14-31, 33-35, 37, 42, 45-48, 52, 54, 56-57, 59, 65, and 76 from Plaintiff's TAC.

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss. Specifically, the Court **DISMISSES WITH PREJUDICE** Defendants the VA and the Secretary, and **DENIES DISMISSAL** of the United States as Defendant to this action. Additionally, exercising its discretion, the Court **DENIES** Defendants' Motion to Strike allegations from the TAC.

**IT IS SO ORDERED.**

**DATED: September 21, 2017**

Hon. Cynthia Bashant
United States District Judge